## UNITED STATES FIDELITY & GUARANTY CO. v. OVERSTREET.

No. 2629.   Opinion Filed April 15, 1913.

Rehearing Denied May 20, 1913.

(132 Pac. 480.)

**APPEAL AND ERROR—Brief—Dismissal.** Where plaintiff in error fails to comply with rule 25 (20 Okla. xii, 95 Pac. viii) of this court, in that its brief contains no specifications of errors, the cause may be dismissed.

(Syllabus by the Court.)

*Error from County Court, Creek County;*
*Josiah G. Davis, Judge.*

Action by John W. Overstreet against the United States Fidelity & Guaranty Company and another. Judgment for plaintiff, and the defendant named brings error. Dismissed.

*J. L. De Groat,* for plaintiff in error.
*Henry McGraw,* for defendant in error.

TURNER, J.  On August 25, 1910, in the county court of Creek county, J. W. Overstreet, defendant in error, sued plaintiffs in error, Rothchild & Co. and the United States Fidelity & Guaranty Co., foreign corporations, as principal and surety, respectively, on a replevin bond executed by them in a suit against the plaintiff for the recovery of a piano, alleging as breach thereof that said Rothchild & Co., as plaintiff therein, had failed to recover and refused to redeliver the property on demand.  After defendants had each appeared specially, and their motions to quash the service of the summons had been sustained, alias summons was served on the United States Fidelity & Guaranty Co., and, failing to answer, judgment was rendered and entered against it by default for $408 and costs.  On December 17, 1910, a day in the same term, came said defendant and moved the court to vacate and set aside said judgment on certain alleged grounds, which the court overruled, and defendant brings the case here.

The grounds set forth in the motion, ten in number, are purely technical; and, in that the same was not presented to the trial court accompanied with an answer setting forth a valid defense to the action, which seems to be required by Comp. Laws 1909, sec. 6089 (Rev. Laws 1910, sec. 5262 [*Schuyler v. Fowler,* 63 Kan. 98, 64 Pac. 1035; *Lookabaugh v. Epperson,* 28 Okla. 472, 114 Pac. 738]), it fails to address itself to us with much force.  Indeed, since defendant has failed to comply with our rule 25 (20 Okla. xii, 95 Pac. viii), in that its brief contains no specifications of the errors complained of, we will consider none of them, but will dismiss the case.  It is so ordered.

All the Justices concur.