## FEDERAL DISCOUNT CO. v. GAULT BROS.

### No. 3767.   Opinion Filed July 28, 1914.

#### (142 Pac. 300.)

**APPEAL AND ERROR—Brief—Affirmance.** Where the brief of plaintiff in error fails to specify the point or points relied upon for reversal of the judgment and to support same by argument and citation of authorities, as required by rule 25 (38 Okla. x, 137 Pac. xi) of this court, the judgment appealed from should be affirmed.

(Syllabus by Galbraith, C.)

*Error from County Court, Greer County;*
*Jarret Todd, Judge.*

Action by the Federal Discount Company, a corporation, against John and Ed Gault, partners, as Gault Bros. Judgment was for the defendants, and plaintiff brings error. Affirmed.

Opinion of the Court.

*H. M. Thacker,* for plaintiff in error.

*J. L. Carpenter,* for defendants in error.

Opinion by GALBRAITH, C. This appeal is from the judgment of the county court of Greer county, rendered upon the verdict of a jury, in an action upon two written acceptances for $48 each, drawn by the St. Louis Jewelry Company on the defendants in error and accepted by them and indorsed to the plaintiff in error by the drawer. The plaintiff in error claimed to be a *bona fide* holder of the acceptances; that it purchased them for value prior to maturity and in due course, and without notice of any defenses against the same. The defendants in error alleged that there was a failure of consideration for the acceptances, inasmuch as they were given as the purchase price of an order for jewelry, all of which proved to be worthless, and that the plaintiff in error was not a *bona fide* holder of the paper, and that it had acquired the same from the St. Louis Jewelry Company in fraud of the rights of the defendants.

The jury found for the defendants. In the brief filed on behalf of the plaintiff there is an abstract of the record comprising some eight pages. This is followed by the assignments of error copied from the petition in error; these being eleven in number, covering almost five additional pages. Then follows the argument which closes the brief:

"There being no evidence of·fraud, failure of consideration, nor that the plaintiff was not an innocent purchaser in good faith, in the usual, regular, and ordinary course of business, before maturity and for value, and no evidence whatever showing or tending to show that defendants had any character of claim or defense against plaintiff, and as all the evidence on these questions and the pleadings of the plaintiff clearly show that plaintiff was entitled to judgment as prayed for, it is deemed unnecessary to cite any authorities in this brief. It is respectfully submitted that the case should be reversed and remanded, with directions to the court below, according to the views expressed in this brief."

This brief is not a compliance with the requirements of rule 25 (38 Okla. x, 137 Pac. xi) of this court, which reads in part as follows:

"The brief shall contain the specifications of error complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, and in the same order, with strict observance of rule 7."

Inasmuch as the point or points relied upon for reversal of the judgment are not specified and supported by argument and citation of authorities, the brief is fatally defective.

Upon the authority of *Roof et al. v. Franks,* 26 Okla. 392, 110 Pac. 1098; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802; *Arkansas Valley Nat. Bank v. Clark,* 31 Okla. 413, 122 Pac. 135; *Dickson v. Lowe,* 38 Okla. 216, 132 Pac. 354: *Hopley v. Benton,* 38 Okla. 223, 132 Pac. 808; *McDonald Coal Co. v. Equitable Powder Co.,* 38 Okla. 177, 132 Pac. 486; *U. S. Fidelity & Guaranty Co. v. Overstreet,* 38 Okla. 170, 132 Pac. 480—we recommend that the judgment appealed from be affirmed.

By the Court:   It is so ordered.