HATCHER et al. v. ROBERSON et al.

No. 6883—Opinion Filed Jan. 9, 1917.

Rehearing Denied May 22, 1917.

(164 Pac. 1141.)

(Syllabus by the Court.)

Appeal and Error—Assignments of Error—Consideration.

Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court, unless it is apparent without further research that they are well taken.

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Action by David Roberson and Herbert Roberson, by their legal guardian and next friend, Ed. Knox, against Cinderella Hatcher and Eula Connelly, nee Hatcher, as heirs at law of Henry Hatcher, deceased, the original defendant. From the decree awarding to the defendants a life estate to the lands in controversy, the defendants bring error. Affirmed.

Charles A. Moon and Bailey & Wyand, for plaintiffs in error.

J. H. Sutherlin, for defendants in error.

SHARP, J. The proceeding in error in this case is prosecuted from a decree made and entered April 20, 1914, awarding to the defendants, as the sole heirs at law of Henry Hatcher, deceased, a life estate in and to the allotment of one William McKinley Roberson, deceased, for the natural life of one Green Roberson, and which decree further determined that the said David Roberson and Herbert Roberson were each the owners in fee of an undivided one-third of said allotment, the remaining one-third thereof being vested in a brother, Jesse, not a party to the suit, and that said David, Herbert, and Jesse were entitled to the possession of said lands in reversion upon the death of said Green Roberson, and found that the defendants, Cinderella Hatcher and Eula Connelly, nee Hatcher, were entitled to the possession and occupancy of the premises for and during the natural life of said Green Roberson. From the record of the proceedings had in the trial court it seems that the case there turned upon the quality of the estate conveyed by Frances Roberson and Green Roberson. mother and father, respectively, of David and Herbert, to Charles J. Brown, under the deeds of January 5, 1904, and May 4, 1904, and which title to Brown was by him reconveyed to Green Roberson, the father, and from him, through mesne conveyance, acquired by the original defendant, Henry Hatcher. The trial court

found, and so decreed, that on account of the conveyances Hatcher acquired an estate in said lands for the period of the natural lives of the said Frances E. Roberson and Green Roberson, and none other, and hence that the title cast upon the heirs at the death of William McKinley Roberson was alienable, but held that, because of the limitations contained in the deed, the purchasers in turn took only such estate therein as the original deed called for.

Looking to the petition in error and the assignments of error found in the brief, the point is sufficiently made that the trial court erred in holding that defendants, through the purchase of their ancestor, acquired only an estate during the life of Green Roberson; Frances E. Roberson having died prior to the institution of the suit. But nowhere is there any argument directed to a construction of the conveyances through which Hatcher acquired his title. On the other hand, in the brief is found no argument save that the homestead allotment of a deceased Creek freedman was on the dates the deeds were executed alienable under the governing laws of Congress. The court's attention is called to the opinion of Judge Campbell in Re Lands of the Five Civilized Tribes (D. C.) 199 Fed. 811, United States v. Cook, 225 Fed. 756, 141 C. C. A. 22, Welty v. Reed, 219 Fed. 864, 135 C. C. A. 534, Rentie et al. v. McCoy, 35 Okla. 77, 128 Pac. 244, and other cases involving questions of alienability of lands of the class involved. This, however, the trial court determined in favor of plaintiffs in error, and held that the lands were alienable, so that from the brief of plaintiffs in error no question adversely determined is presented for our consideration. It is well settled in this jurisdiction that assignments of error presented by counsel in their brief, if unsupported by argument or by authority, will not be noticed by the court, unless it is apparent, without further research. that they are well taken. Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Id., 35 Okla. 153, 128 Pac. 698; Pacific Mut. Life Ins. Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270. This we cannot say.

Rule 25 (38 Okla. x, 137 Pac. xi) requires that the brief of plaintiff in error shall contain, in addition to the specifications of error complained of, the argument and authorities in support of each point relied on. Where this rule is not complied with, the judgment appealed from will be affirmed. King et al. v. King, 42 Okla. 405, 141 Pac. 788; Federal Discount Co. v. Gault Bros., 42 Okla. 630, 142 Pac. 300. The foregoing authorities are supported by a long line of decisions of this court.

The argument made that the homestead of the deceased allottee in the hands of the heirs, upon whom the law cast his estate, is by such heir alienable, furnishes no aid to the court in determining the kind or quality of the estate conveyed; and, no other question being presented, the judgment of the lower court should be and is affirmed.

All the Justices concur.