## RUBY v. EDWARDS.

No. 10926—Opinion Filed Feb. 27, 1923.

Rehearing Denied May 8, 1923.

(Syllabus.)

1. **Money Received—Sufficiency of Evidence.**

The evidence in this case examined, and found to sustain the verdict of the jury for the balance due plaintiff by the defendant out of the proceeds of a loan on her land.

2. **Appeal and Error—Review—Insufficiency of Brief.**

Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court, unless it is apparent without further research that they are well taken.

3. **Judgment—Res Judicata — Essentials of Plea.**

The requisites for a plea of res judicata are identity in the things sued for, identity in cause of action, identity of persons or parties to the action, and identity of quality in the persons for or against whom the claim is made.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Josie Edwards against G. R. Ruby for money had and received. Judgment for the plaintiff, and defendant brings error. Affirmed.

W. L. Curtis and Noffsinger & Harris, for plaintiff in error.

Neff & Neff, for defendant in error.

COCHRAN, J. The defendant in error, Josie Edwards, hereinafter called plaintiff, commenced this suit against G. R. Ruby, hereinafter called defendant, to recover the sum of $2,999 alleged to be due plaintiff by defendant because of the failure of the defendant to pay to the plaintiff a portion of

the money which was to have been paid to her out of the proceeds of a real estate mortgage executed on plaintiff's land, and alleging that after the mortgages were executed covering her property, the defendant knowingly, wrongfully, and corruptly withheld from the plaintiff a portion of the money due her on said loan. The case was tried to a jury and a verdict returned for the plaintiff for $1,330, and judgment was rendered thereon, from which defendant has prosecuted this appeal.

The testimony discloses that in 1913 the defendant induced the plaintiff to place a loan of $2,000 on her land, and that the mortgage was executed for $2,000 principal, and $800 commission notes, the mortgages being taken in the name of M. H. Ruby, wife of the defendant; that the only amount actually paid to the plaintiff out of this loan was $45; but it is contended by defendant that he disbursed the full amount of the $2,000 for the use and benefit of the plaintiff and with her knowledge and consent in removing certain clouds on the title of her property, which were in the form of mortgages, deeds, and tax liens. The principal items which defendant claims to have paid in pursuance of this alleged agreement was $1,330 for the purpose of procuring a quitclaim deed from Josie Hill and release of mortgage executed by Josie Hill to M. L. Leith, the sum of $482 to procure a release of a mortgage executed by Josie Edwards to Lombard, and the sum of $112.40 in payment of taxes. The plaintiff denied that she authorized the payment of any of the items except the payment of taxes and the amount due on the Lombard mortgage, and specifically denied that she ever consented to the payment of any sum for the quitclaim deed from Josie Hill and release of the mortgage executed by Josie Hill to Leith. The testimony shows that the plaintiff contended that the conveyance under which Josie Hill was claiming was a forgery and that the mortgage to Leith executed by Josephine Hill on this property was void. There was a suit filed involving the validity of these conveyances, which was appealed to the Supreme Court and dismissed upon agreement of the parties. The defendant claims that under this agreement, he paid $250 for a quitclaim deed from Josephine Hill, and $1,080 to procure a release of the Leith mortgage, Leith being the attorney for Josephine Hill in the transaction. The plaintiff's testimony was that she authorized no such settlement, and that the defendant was never authorized to expend this amount for her, but that her understanding was that Josephine Hill was re-

leasing the property in order to escape punishment for the forgery, or else to reduce the punishment therefor, and she contended, further, that there was no proof showing that either Leith or Josephine Hill was paid any sums for the release of the mortgage and quitclaim deed.

Under assignments of error 1 to 4, inclusive, defendant argues that the verdict is contrary to the evidence because, he contends, the evidence conclusively shows that the loan was to be a first lien upon the land and was to be based upon a clear title, and that the various instruments which were removed were liens upon the land and of necessity had to be discharged before title would be clear. As to this contention, it is sufficient to say that there was ample testimony in the record from which the jury could find that the defendant paid no part of this money in settlement of the Leith mortgage or in procuring a quitclaim deed from Josephine Hill. In passing we may say that there was sufficient evidence in the record from which the jury would have been justified in finding that these items were in fact paid, and paid with the knowledge and consent of the plaintiff, but there was a question of fact in this regard which was properly submitted to the jury and determined against the defendant. A fact which the jury had the right to consider in passing on this question was that, although it was contended that the $1,080 for the release of the Leith mortgage was for his use and benefit and was handled through the Union State Bank, and although it was contended that the $250 was paid to Josephine Hill, no representative of the Union State Bank testified in the case, neither did Leith, nor Josephine Hill, and no explanation was made to account for their failure to testify in regard to the receipt of this money.

The defendant testified that the bank was threatening to foreclose the Leith mortgage soon after he made this loan and while the title was still unsettled, and that, in order to satisfy the bank and prevent the foreclosure proceedings, he deposited the sum of $1,080, or perhaps more, in the bank out of the proceeds of this loan, but there is no testimony showing how the money was deposited, whether to the credit of the defendant, or to the credit of Leith, or the bank, or how this fund was finally disposed of. We think the jury was justified in concluding that neither the $1,080 nor the $250 was in fact paid by the defendant, and these two items total the exact amount of the verdict rendered against the defendant.

Under the fifth assignment of error, the defendant complains of the action of the court in overruling the demurrer to plaintiff's petition; and in assignment 6 complains of the action of the court in sustaining demurrer to certain paragraphs of defendant's answer, and contents himself with the following statement:

"The question involved here was either statutory or elementary, and we do not deem it necessary to burden this brief with the citation and quotation of authorities in support of this assignment."

Under the seventh assignment of error, defendant complains of the action of the court in denying defendant's motion for judgment upon the pleading. In Allison v. Bryan, 26 Okla. 520, 109 Pac. 934, this court quoted with approval from Elliott on Appellate Procedure, secs. 444, 445, as follows:

"It is essential that all points be made in the brief, and properly made; if not so made, they are waived. * * *. It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made. Counsel cannot make a point in an appellate tribunal by a naked general assertion, for such an assertion will not be heeded. * * * But, in order to secure so much as notice of the point stated, they must support it by a fair effort, adducing arguments, and, if they can, citing authorities. A bare designation of a ruling as erroneous, without discussion, is not sufficient to entitle counsel to successfully insist that he has made a point."

In Hatcher v. Roberson, 63 Okla. 296, 164 Pac. 1141, the syllabus is as follows:

"Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court, unless it is apparent without further research that they are well taken."

Assignments 8 and 9 present for consideration the action of the court in overruling demurrer to the testimony and in refusing to instruct a verdict for the defendant, which presents a question of the sufficiency of the evidence to support the verdict, and this question has been fully discussed under assignments 1 to 4, inclusive.

Assignments 10, 11, and 12 are not supported by either argument or authority, and it is not apparent from the statement in the brief that they are well taken.

Assignments 13 and 14 present the question of refusal to give certain instructions requested by the defendant, as well as giving certain instructions over the objection of the defendant. A careful examination of the same discloses no prejudicial error in the action of the court in either the refusal of the requested instructions or in the giving of the general instructions.

Under assignments 15 and 16, it is contended that the record discloses that on the 6th day of August, 1914, M. H. Ruby filed suit in the district court of McIntosh county against Josie Edwards and her husband for foreclosure of a mortgage for $2,000 on the property belonging to Josie Edwards; that this mortgage was the one executed by Josie Edwards, the proceeds of which it is claimed that the defendant failed to pay over to her. It is further claimed that a judgment was rendered on this mortgage and same foreclosed, and that the judgment in that case is res judicata of the matter involved in this suit. We find no error in the holding of the court that the judgment in the foreclosure suit was not a bar to this action. The requisites for a plea of res judicata are: (1) identity in the things sued for, (2) identity in cause of action, (3) identity of persons or parties to the action, (4) identity of quality in the persons for or against whom the claim is made. Neither the parties nor the subject-matter involved in the foreclosure suit was the same as the parties or subject-matter of the case at bar. In the case at bar, the plaintiff recognized the validity of the mortgage executed to M. H. Ruby, and asked judgment for the amount received by the defendants by reason of the execution of the mortgage by the plaintiff. If the mortgage was a valid mortgage to M. H. Ruby, it was subject to foreclosure upon a failure to comply with its terms, but this would not preclude the plaintiff from bringing her action against the defendant for money had and received for her use and benefit from the proceeds of the mortgage.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.