### LASELLE et al. v. LELAND et. al.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1924. Rehearing Denied May 28, 1924.)

No. 4243.

1. **Mortgages ⊕⟿335—Deed of trust held to confer no power of sale on trustee.**

Where only power to make sale conferred on trustee in deed of trust was in event of dishonor of note or notes, or nonpayment of interest reserved in them, and no notes were given, trustee had no power of sale.

2. **Mortgages ⊕⟿333—Provisions of power of sale conferred in deed of trust must be literally followed.**

Provisions of a power conferred in deed of trust must be followed, as to condition under which it is to be exercised, method to be pursued, etc., and power must have been conferred on trustee in the instrument.

⊕⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Garnishment ⊂⇒179—Judgment rendered against garnishee only In event of recovery against main defendant.**

Law permits judgment against garnishee, condemning property attached, only on plaintiff recovering against main defendant.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by B. A. Laselle and others against W. L. Leland and others. A judgment of dismissal was entered, and plaintiffs bring error. Affirmed.

Wm. R. Watkins, of Wichita Falls, Tex. (T. F. Hunter and E. E. Fischer, both of Wichita Falls, Tex., on the brief), for plaintiffs in error.

H. S. Lattimore, of Fort Worth, Tex., for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. This cause comes on for hearing upon writ of error to the District Court for the Northern District of Texas. The plaintiffs in error, the plaintiffs below, brought suit in the state court against the defendants on the warranties contained in a gas and oil lease transferred to them by W. L. Leland. The warranties declared on as contained in the lease are as follows:

"That he is the lawful owner of the said lease and rights and interest thereunder and of the personal property thereon or used in connection therewith; that the undersigned has good right and authority to sell and convey the same, and that said rights, interest, and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid; and that the undersigned will warrant and defend the same against the lawful claims and demands of all persons whomsoever."

Afterwards, pursuant to a verbal agreement, the defendant Leland, as principal, and E. J. Linscott, as surety, executed a bond in the penal sum of $10,000 to the plaintiffs, conditioned that defendant Leland—

"should well and truly warrant and defend title to said premises above described, and that the lease hold estate above mentioned unto and in these plaintiffs, and against every one lawfully claiming said premises under any claim of right in existence at the time of the execution of said bond."

The petition then proceeds to allege a breach of the warranties contained in the lease by the proceedings taken by the Sunbeam Oil & Gas Company, under a deed of trust in existence at the time of the transfer of the lease to the plaintiffs, by which the title to the lease had been sold by the trustee substituted for the trustee named in said deed of trust by posting notice of sale and selling said lease. The deed of trust referred to in the petition and under which the Sunbeam Oil & Gas Company proceeded in the clause under which the sale was had, provides as follows:

"If default shall be made in the payment of said promissory note of any of them or any installment of interest on said note when the same shall be due and payable according to the tenor and effect thereof, then the * * *

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trustee, his successor or substitute in trust, shall be and he is hereby authorized and empowered, when requested so to do by the legal holder or holders of said note or any of them after such default to sell the said property at public auction for cash at the door of the county court house in Wichita county, Texas, after having given notice of the time and place of such sale as now prescribed by the statutes of the state of Texas."

Writ of attachment and writs of garnishment were issued and publication made. The case was duly removed to the District Court for the Northern District of Texas by the defendants. A motion was made to dismiss the suit on various grounds, and answer filed setting up various matters as a defense; but it will not be necessary, under our view of the case, to notice the facts alleged in the answer.

The bill of exceptions in the record shows that on April 27, 1923, the motion came on for hearing, all parties being represented, and after taking some testimony it was announced by the court that he would deny the motion to dismiss, and on the trial of the merits the error, if any, could be corrected. Thereafter, on June 27, 1923, the case came on for trial, a jury being waived and all matters of fact and law submitted to the court for determination, whereupon the parties produced their testimony before the judge, and he, after hearing and considering the testimony, granted the motion and dismissed the suit, on the grounds that the attempted sale under the deed of trust was void and the pendency of suits to foreclose the deed of trust.

[1] There are nine assignments of error filed and insisted upon by the plaintiff. We think the whole ground is covered in the third assignment of error:

"The court erred in holding there was no breach of the covenants sued on."

The covenant of warranty sued on in this case appears to be the warranty to defend against the lawful claims of any persons. If the sale made by the substituted trustee was legal, unquestionably this warranty was breached. If it was not, no error appears in the judgment dismissing the suit. There is no breach of the other warranties shown in the testimony before the judge.

[2] The power under which the substituted trustee acted has been set out in full, supra. In order for the trustee to make a sale without a judicial determination of the amount due and secured by the deed of trust, there must have been a note or notes given for the principal and reserving such interest as had been agreed upon. This was the contract of the parties, and they had the right to confer upon the trustee this summary method of foreclosure; but, in order to make a legal sale thereunder, the power conferred in the deed of trust must be literally followed and observed, both as to the condition under which it is to be exercised, the method to be pursued, etc., and the power must have been conferred upon the trustee in the instrument.

In the present case the only power conferred upon the trustee to make the sale was the event of the dishonor of a note or notes, or the nonpayment of interest reserved in said note or notes at the time required for such interest payments. The testimony shows that no notes were given and the deed of trust itself would bear internal evidence that none were contemplated by the parties. The deed of trust names a certain amount as due and provides the means whereby this amount

shall be liquidated within the specified time, and if not liquidated by that means provided therein within that time, then the balance shall become due. This would seem to negative the idea that the trustee was the arbiter appointed by the parties to decide the amount due, but that amount could only be ascertained by an accounting had between the parties of the amount of oil produced by the well and piped to the account of the Sunbeam Oil & Gas Company, and this account could only be had in a judicial proceeding. We are of opinion that the sale made by the trustee did not divest the property rights of the plaintiffs, and that it nowhere appears in the proceedings that the warranty against incumbrances existing at the time of the transfer of the leased land had been breached, so as to entitle the plaintiffs to maintain this suit.

[3] It was contended in argument and brief for plaintiffs that the court should have given judgment for them in the attachment and garnishment writs, but this contention is not well taken. The law permits judgment against the garnishee, and condemning the property attached, only upon the plaintiff recovering against the main defendant. This was not done in this case, but on the contrary the defendant prevailed. Hence there could be no judgment condemning the particular property attached or against the garnishee.

For the reasons above stated, the judgment of the lower court is affirmed.