EDWIN G. MOORE, II, AND WIFE MARIBELLE R. MOORE v. ELIZABETH Q. PARKERSON AND MARTIN KELLOGG, JR., TRUSTEE.

(Filed 20 September, 1961.)

**1. Mortgages and Deeds of Trust § 19—**

Where the contract for sale of property provides that the seller should aid the purchasers in the operation of the properties, the purchasers are entitled to have monies collected by the seller as agent of the purchasers in operating the property applied to the interest due upon the note secured by deed of trust on the property, and when there is evidence that the amount thus claimed to be due by the purchasers is more than sufficient to pay all interest and principal due on the note, order continuing the temporary order restraining foreclosure is properly entered.

**2. Same—**

The fact that the mortgagee is solvent does not affect the mortgagor's right to have sums due by the mortgagee under contract applied to the mortgage debt so as to prevent default and preclude the operation of the acceleration clause.

**3. Payment § 3—**

The right of the debtor to direct the items of the indebtedness to which his payment should be credited cannot preclude the right of the creditor to apply the payment as an offset to a separate debt owed by the creditor to the debtor.

APPEAL by defendants from *Parker, J.,* January 1961 Term of DARE.

*LeRoy, Goodwin & Wells for plaintiff appellees.*
*Forrest V. Dunstan and John H. Hall for defendant. appellants.*

RODMAN, J. This appeal presents for determination the validity of an order enjoining foreclosure of plaintiffs' equity of redemption in real and personal property described in a deed of trust from plaintiffs to defendant Kellogg securing payment of the balance of the purchase price owing defendant Parkerson pending ascertainment of the amount, if any, due when the property was advertised for sale.

Plaintiffs allege these facts as the basis for 'injunctive relief:

Plaintiffs, in May 1960, purchased from Parkerson three lots at Nags Head Shores, Dare County, on which was situated a building and cottages known as Hotel Parkerson. The sale also included linens and other personal properties used in connection with the operation of the hotel. The purchase price was $60,000; $18,000 was paid in cash, the remaining $42,000 was evidenced by note payable in ten annual installments of $4,200, the first installment being payable 6 September 1961. Interest on the debt was payable annually. The first installment of interest amounting to $665 was due 6 September 1960. Payment

of the note was secured by deed of trust to Kellogg. The deed of trust contained a provision for accelerating the time for payment upon default in payment of any portion of the interest or principal when due. As part of the transaction by which Parkerson sold and plaintiffs acquired the hotel properties, they entered into a contract by which Parkerson agreed to assist plaintiffs in the operation of the hotel. She was to devote her entire time to the performance of her duties. She was to receive a salary of $100 per week. The hotel is operated as a summer resort. When the sale was made, the hotel had already opened; Parkerson had incurred expenses in connection with the opening, and had received money from guests at the hotel. Plaintiffs agreed to reimburse Parkerson for monies expended by her in the opening of the hotel for the 1960 season, and Parkerson agreed to turn over to plaintiffs "all monies and income that she has received in connection with the operation of the hotel for the current season."

Plaintiffs allege breach of this contract by Parkerson in several particulars. Specifically they allege she was indebted to them in the sum of $926.53 collected prior to the time plaintiffs commenced operation of the hotel; she failed to account to plaintiffs for monies collected subsequent to the time plaintiffs took over the operation, and was indebted to them for the monies so collected in the sum of $989.12; Parkerson accepted guests in her private apartments across the street from the hotel, boarded them at the hotel, and failed to account for the meals furnished her guests in a sum in excess of $2,000. They allege other breaches of the contract. The aggregate of plaintiffs' claim is $9,020.54.

On 6 September, the date when the first installment of interest was payable, plaintiffs filed with Parkerson an itemized statement of their claim and demanded that she apply $665 of the amount collected for them in payment of the interest due on that date. Parkerson refused to credit the note with the amount or any part of the amounts which she collected for plaintiffs and required the trustee to advertise the property for sale.

Plaintiffs notified defendants that they would apply to Judge Morris for a restraining order. Judge Morris issued an order enjoining the sale until a hearing could be had at the regular January 1961 Term of Dare.

Defendants answered, admitting the contract and advertisement under power because of the asserted failure of plaintiffs to pay the interest on 6 September 1960, and because of such failure, the maturity of the entire debt under the acceleration provision of the deed of trust. Parkerson denied she owed plaintiffs any sum; on the contrary she asserted a counterclaim against plaintiffs for $5,236.84 for unpaid

salary and advances made by her for the benefit of plaintiffs. She alleged she was solvent and able to respond in damages for any amount that she might be found to be owing to plaintiffs.

At the hearing before Judge Parker, plaintiffs, maintaining their right to require Parkerson to apply the monies owing them on the interest which accrued on 6 September 1960, nevertheless offered to pay said interest in cash together with the cost of advertising the property for sale provided such payment should be without prejudice to their right to claim and litigate the amount alleged to be owing to them by defendant Parkerson. She refused this offer.

Plaintiffs had a right to require Parkerson to apply the monies she collected as plaintiffs' agent or otherwise owing plaintiffs by virtue of the contract between plaintiffs and Parkerson to the payment of interest accrued to 6 September 1960. *Dameron v. Carpenter,* 190 N.C. 595, 130 S.E. 328; *Salinger v. Lincoln Nat. L. Ins. Co.,* 52 F. 2d 1080, 80 A.L.R. 242; *Doyle v. Di Medio,* 132 A 854; *Fegers v. Pompano Farms,* 139 So. 201. If so applied, nothing was due and no right of acceleration existed. Had Parkerson brought suit to foreclose because of the asserted default, plaintiffs could have pleaded as a set off the sums owing them arising out of Parkerson's breach of contract. G.S. 1-137. The contractual method of barring plaintiffs' equity of redemption did not diminish their right to an accounting nor permit their rights to be defeated when in fact no default existed.

The mere fact that defendants are solvent is not sufficient to deprive a court of equity of its jurisdiction to prevent oppression and injustice by foreclosure when a mortgagee owes his mortgagor a sum in excess of the amount currently due. *Johnson v. Jones,* 186 N.C. 235, 119 S.E. 231; *Jones v. Buxton,* 121 N.C. 285; *Harvey v. Knitting Co.,* 197 N.C. 177, 148 S.E. 45; *Harrison v. Bray,* 92 N.C. 488; *Gooch v. Vaughn,* 92 N.C. 610; *Bridgers v. Morris,* 90 N.C. 32.

There is no merit in the contention that Parkerson had a right to apply the monies which she collected as agent for plaintiffs to a debt not due for ten years. A debtor who uses his money to pay may direct how the creditor shall apply it, but he has no right to supervise the manner in which the creditor uses his monies.

The court required plaintiffs to give bond to indemnify defendants. It is not suggested the bond is not adequate.

Affirmed.