## McDONALD COAL CO. v. EQUITABLE POWDER MANUFACTURING CO.

No. 2650.    Opinion Filed May 20, 1913.

(132 Pac. 486.)

**APPEAL AND ERROR—Assignments of Error—Insufficiency.** Where plaintiff in error desires to reverse a judgment or order of the trial court, he should, as required by rule 25 (20 Okla. xii, 95 Pac. viii), challenge by specification of error in his brief the attention of this court to the alleged erroneous act or ruling of the trial court by which he was injured; and, upon failure to do so, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action between the McDonald Coal Company and the Equitable Powder Manufacturing Company. From the judgment, the Coal Company brings error. Dismissed.

*Rush & Steen,* for plaintiff in error.
*Preston C. West* and *Franklin P. Schaffer,* for defendant in error.

HAYES, C. J. Plaintiff in error has not set out in his brief, as required by rule 25 (20 Okla. xii, 95 Pac. viii), any specifications of error; nor does the brief contain any statement of the act or ruling of the court of which he com-

Vol. 38—12.

plains. We are left to infer, from a reading of the entire brief, upon what grounds he seeks to reverse the cause; but the court will not review records in this way. Where plaintiff desires to reverse a judgment or order of the trial court, he should, as required by rule 25, challenge the attention of this court by specification of error in his brief to the act or ruling of the trial court by which he was injured because of error committed by the trial court; and upon failure to do this, as required by said rule 25, his cause will be dismissed. *Lawless v. Pitchford,* 33 Okla. 633, 126 Pac. 782; *Williams v. Haycraft,* 33 Okla. 697, 127 Pac. 494.

The appeal of plaintiff in error is accordingly dismissed.

All the Justices concur, except DUNN J., not participating.