## CHICKASHA GAS & ELECTRIC CO. v. GRIFFIN *et al.*

No. 4402. Opinion Filed May 4, 1915.

(148 Pac. 729.)

**APPEAL AND ERROR—Affirmance—Failure to Cite Authorities.** Where plaintiff in error appeals from a judgment of $135, based on damages for the value of one mule alleged to have been killed by coming in contact with a live wire belonging to plaintiff in error, and assigns and argues eight assignments of error, most of them relating to the question of negligence in the maintenance of said wire, without the citation of an authority, this court will not brief the case, but will affirm the same for failure to cite authorities, under rule 25 of this court (38 Okla. x. 137 Pac. xi.)

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Grady County;*

*Will Linn, Judge.*

Action by Walter Griffin against the Chickasha Gas & Electric Company, a corporation, and another. Judgment for plaintiff, and the defendant named brings error. Affirmed.

*R. D. Welborne,* for plaintiff in error.

*F. E. Riddle* and *C. C. Herndon,* for defendant in error.

RITTENHOUSE, C. This action was instituted by Walter Griffin against the Chickasha Gas & Electric Company for damages for the value of one mule alleged to have been killed by coming in contact with a live wire belonging to the Chickasha Gas & Electric Company, which, it is alleged, was negligently and carelessly left down and unprotected, and the insulation on said wire was in a broken and defective condition, for several days prior to February 11, 1911, without the knowledge of plaintiff or plaintiff's employee having charge of the team, and while in said condition plaintiff's mule came in contact with said wire, at or near the place where said insulation was defective, and said wire being charged with electricity, said mule was killed, to plaintiff's dam-

age in the sum of $135; and that the death of said mule resulted solely from the negligence and carelessness of defendant, its servants and employees. The Chickasha Gas & Electric Company endeavored to make the American Express Company a party defendant, alleging that the damage was caused by the negligent acts of the express company. The court sustained a motion to dismiss the action as to the express company. This is assigned as error, as well as the giving of the instructions on negligence, and the overruling of the motion for new trial.

The amount involved is small, but the questions involved are numerous; there being eight assignments of error. The plaintiff in error has not furnished this court with the citation of a single authority in its brief of 40 pages, although the books are full of adjudicated cases on the subject; and has evidently left to this court the labor necessary to support the assignments by citation of proper authorities. The purpose of a brief is to present to the court the questions in controversy, and by argument and citation of authorities to assist the court in arriving at a proper conclusion. Rules have therefore been adopted requiring the brief to contain an argument of each assignment of error, and, where possible, to be supported by the citation of authorities. This case is No. 4402, and there are now on file cases to the number of over 7,300, leaving approximately 2,500 cases upon the docket undisposed of at this time. While of necessity we must brief each question decided, yet it is not incumbent upon us to do so without the assistance of the plaintiff in error. In order to either affirm or reverse this case on the merits, it would be necessary for us to spend a week in briefing the several questions presented. If the amount involved is not sufficient to justify the plaintiff in error in doing this work, the state would certainly not be justified in doing the work for it.

We therefore decline to brief the case, and the same should be affirmed for a failure to comply with rule 25 (38 Okla. x, 137 Pac. xi).

By the Court: It is so ordered.