## BALL v. FREEMAN.

No. 4702.   Opinion Filed June 22, 1915.

(149 Pac. 1158.)

1. **APPEAL AND ERROR—Case-Made—Time for Making and Serving—Extension—Construction of Order.** Final judgment was rendered in this case on the 8th day of July, 1912, and defendant allowed 60 days from that date to make and serve a case-made for appeal to the Supreme Court. Sixty days, as used in this sense, does not mean 2 calendar months, but simply 60 days. According to the established rule of estimating time by excluding the first day and including the last, the 60 days would expire on the 6th day of September. On the 5th day of September, the court entered an order extending the time "30 days from the 8th day of September, 1912." **Held** that, on the 5th day of September, the time had not expired, and the court had jurisdiction to extend the time, and that it was his intention to so do; and, **held,** further, that it is the duty of this court to so construe the language as to give effect to the intention of the court in extending the time, and thereby give the plaintiff in error the benefit of the extension; and in so doing it will be held in this case that the court extended the time to make and serve a case-made 32 days from the 6th day of September, which would be synonymous with 30 days from the 8th of September.

2. **APPEAL AND ERROR—Burden of Showing Error.** In the appellate court the presumption prevails that the trial court had good and sufficient reasons for its rulings, and that they were not erroneous; and, to overcome this presumption,. it is incumbent on the plaintiff in error to point out the particulars wherein the lower court committed prejudicial error; and, if that is not done, it is the duty of the appellate court to affirm the case.

(Syllabus by Robberts, C.)

*Error from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Action by J. Milford Freeman against Thomas J. Ball. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. M. Humphreys* and *J. G. Ralls,* for plaintiff in error.

*Linebaugh Bros. & Pinson,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the county court of Atoka county. Action to recover on contract for drilling a well. Judgment for plaintiff below. Defendant brings error.

Our attention is first directed to a motion by defendant in error to dismiss the appeal for the following reasons:

(a) Judgment was rendered herein on the 14th day of October, 1911, motion for new trial was overruled on the 8th day of July, 1912, and the court, on the 8th day of July, 1912, entered its order allowing plaintiff in error 60 days from the 8th day of July to prepare and serve case-made. On the 5th day of September, 1912, the court entered an order, which, upon examination, appears to be an extension of 30 days "from the 8th day of September, 1912." The extension of time was therefore taken from the 8th day of September (a date at which time the court had no right to act); that being more than 60 days from the date of the original order granting additional time to prepare and serve case-made.

(b) The defendant in error further moves the court to dismiss the appeal of plaintiff in error for the reason that, contrary to the rules of this court, plaintiff in error has not made any statement of the case, except to state the pleadings and the result of the trial.

(c) For the further reason that although the amount in controversy is small, and the assignments of error numerous, yet the appellant has not seen fit to cite authorities in support of the same, except in two instances. Though there are 35 assignments of error, the authorities cited are the text-writer Lawson on Expert

Evidence, in two instances, leaving 33 assignments of error unsupported by authorities, and unargued, save by mere assertion.

From the first specification, we find that final judgment was rendered on July 8, 1912, and defendant allowed 60 days from that date to make and serve a case-made for appeal to the Supreme Court. On the 5th day of September the court entered an order extending the time "30 days from the 8th day of September, 1912." The question is: Was it the intention of the court to extend the time for a period of 30 days, commencing on the 8th day of September, or was it the intention to extend the time generally, from the day of expiration of the former time, and limit the time of extension to a period of 30 days from the date of expiration of the former time fixed, which was September 6th? The order of extension was made before the former extension expired, and therefore the court had jurisdiction to extend the time. It is plain that if the court intended to extend the time only 30 days, and that the 30 days' time was to run from the 8th day of September, there would be an interim of at least 2 days between the expiration on the 6th and the commencement on the 8th, and in that event the order of extension would be void.

Counsel for movant cite no authorities on the proposition, and we have no time to prepare a brief on the subject, nor to search the books for authorities. We will therefore overrule the motion, so far as it relates to the first ground, on the theory that it was the intention of the court to extend the time 32 days from the 6th day of September, 1912.

The motion to dismiss the appeal, so far as it relates to the second ground, will be overruled, for the reason

that the petition fairly states the issues, and, with brief of counsel for defendant in error, we think the court sufficiently understands the matters involved to pass on the case, so far as it relates to the general issues.

The third ground is that plaintiff in error has suggested 35 specifications of error, and cited only 2 authorities in support thereof, leaving this court to search the records and authorities in support of their contentions. Rule 25 (38 Okla. x, 137 Pac. xi) of this court provides:

"The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. * * * Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. Also, where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions. * * * The brief shall contain the specifications of error complained of, separately set forth and numbered, the argument and authorities in support of each point relied on, in the same order, with strict observance of rule 7."

The first contention of plaintiff in error is that "the court erred in overruling the motion for new trial." Counsel do not state any reasons or ground for this insistence, but leave it to the court to search the records and find some reason why and wherein the court erred.

Following this are 30 specifications of error by number, charging that the court erred in admitting or

rejecting certain testimony; and, in presenting these questions, counsel simply quote two or three of the questions and answers, with the ruling of the court and exceptions, accompanied by practically no explanations of the context, and no citation of authority whatever, to aid the court in determining the questions submitted. The statements of counsel, as to why certain questions are submitted, or objected to, with a full, plain statement of the context, and reasons for the objection to the evidence, are necessary to give this court an understanding of the case, in order that it may know the substance of the testimony, the point sought to be made, and the general condition of the case, as the trial court did, and thereby better understand why the particular testimony was admitted or rejected.

The presumption always obtains that the trial court had good and sufficient reasons for his rulings, and, to overcome this presumption, it is incumbent on the plaintiff in error to show and point out to this court wherein the lower court committed prejudicial error. Specifications Nos. 32, 33, 34, and 35 go to the giving and refusing of instructions. We find ourselves again laboring under the same difficulties in this particular that we were met with on the question of the admission and rejection of evidence. Counsel for plaintiff in error, for some reason, have failed to submit any argument or cite any authorities in support of their contentions in that behalf. This same condition has arisen in a number of cases in this court, and, so far as we have been able to ascertain, the rule has been to dismiss the appeal.

In a very recent case, *Chickasha Gas & Electric Co. v. Griffin et al.*, 46 Okla. 228, 148 Pac. 729, this court

had a similar question before it, and, in disposing of the matter, the court, speaking through Judge Rittenhouse, said:

"The amount involved is small, but the questions involved are numerous; there being eight assignments of error. The plaintiff in error has not frnished this court with the citation of a single authority in its brief of 40 pages, although the books are full of adjudicated cases on the subject, and has evidently left to this court the labor necessary to support the assignments by citation of proper authorities. The purpose of a brief is to present to the court the questions in controversy, and by argument and citation of authorities to assist the court in arriving at a proper conclusion. Rules have therefore been adopted requiring the brief to contain an argument of each assignment of error, and, where possible, to be supported by the citation of authorities. This case is No. 4402, and there are now on file cases to the number of over 7,300, leaving approximately 2,500 cases upon the docket undisposed of at this time. While of necessity we must brief each question decided, yet it is not incumbent upon us to do so without the assistance of the plaintiff in error. In order to either affirm or reverse this case on the merits, it would be necessary for us to spend a week in briefing the several questions presented. If the amount involved is not sufficient to justify the plaintiff in error in doing this work, the state would certainly not be justified in doing the work for him."

We have examined the briefs carefully, and so far as we have been able to ascertain the status of the case, and gather therefrom the rulings and reasons therefor upon the several questions presented, including the giving and refusing of instructions, we are not able to say that any prejudicial error was committed by the trial court.

We are, therefore, of the opinion that the motion to dismiss the appeal should be overruled, and the case affirmed.

By the Court: It is so ordered.