## SQUIRES v. WESCO SUPPLY CO.

No. 12275—Opinion Filed Oct. 30, 1923.

1. **Appeal and Error—Review—Sufficiency of Evidence—Lack of Objections Below.**

Where an action at law is tried to the court, and no demurrer to the evidence of plaintiff is interposed, nor motion for judgment on all the evidence filed, this court is not required to examine the record for the purpose of determining the weight and sufficiency of the evidence.

2. **Same—Findings—Conclusiveness.**

Where a cause is tried to the court involving an unmixed question of fact, the finding on questions of fact by the court will be given the same effect as the verdict of a jury, and where there is any competent evidence reasonably tending to support the judgment, this court will not weigh conflicting evidence for the purpose of determining the sufficiency thereof.

3. **Sufficiency of Evidence.**

Evidence examined, and held, there is sufficient competent evidence to support the findings and judgment of the court, and the judgment will not be disturbed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Cham Jones, Judge.

Action by Wesco Supply Company against Charles G. Squires for the recovery of money due on merchandise. From judgment for plaintiff, defendant appeals.   Affirmed.

Mathers & Coakley, for plaintiff in error.

Potterf & Gray and R. L. Disney, for defendant in error.

Opinion by RUTH, C. This was an action by the Wesco Supply Company against the defendant, Charles G. Squires, to recover judgment for the sum of $230.80. The cause was tried to the court and judgment rendered for the plaintiff in the sum of $119.50, and the defendant brings this cause here for review. The parties hereto will be designated as they appeared in the court below.

Plaintiff introduced its evidence and rested; there was no demurrer filed to such evidence, and defendant introduced evidence and rested, and no motion for judgment was filed. The only specifications of error advanced by the defendant are:

(1) The trial court erred in overruling plaintiff in error's motion for a new trial.

(2) The judgment is contrary to the evidence and is not sustained by the evidence.

"It may now be said to be the settled rule of this court that where the plaintiff submits his case to the jury, or to the court where a jury is waived, and the defendant neither demurs, nor moves for judgment at the conclusion of all the evidence, the question whether there is any evidence reasonably tending to support the plaintiff's case is not presented for review by the defendant's motion for a new trial." Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

It is necessary for a party who wishes to reserve a point for consideration of this court to give the trial court a chance to act advisedly, by interposing a proper objection which raises the point and by taking an exception which saves the point; no objection not taken upon the trial can be urged or considered here.

"Where a case is tried to the court without a jury, a general finding in favor of one of the parties will be given the same

weight as a verdict of a jury, and if there is evidence reasonably tending to support the same, it will not be disturbed upon appeal." J. B. Edgar Grain Co. v. Kolp, 48 Okla. 92, 149 Pac. 1096.

"When the record presents no question for review, except such as would require the Supreme Court to weigh the evidence and determine where the preponderance lies, the judgment of the court below will be affirmed." Carr v. Maxwell Trading Co., 24 Okla. 758, 105 Pac. 333; Town of Watonga v. Morrison, 78 Okla. 74, 189 Pac. 737; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Archer et al. v. United States, 9 Okla. 569, 60 Pac. 268.

Neither counsel for plaintiff nor defendant has favored us with any authority upon any general ruling of this or any other court upon a question of law or a rule of this court, but content themselves with a brief argument on the facts that might well be presented to the trial court or jury, and as there was no demurrer to the evidence nor motion for judgment in the trial court, the judgment of the court below should be affirmed.

By the Court: It is so ordered.