## STATE ex rel. WALCOTT v. WELLS.

No. 14220—Opinion Filed Nov. 6, 1923.

(Syllabus.)

1. **Pleading—Trial Amendment — Defense of Surety on Note.**

Where plaintiff sues on a promissory note, and the defendant files an answer admitting the execution of the note, but alleging that the same was executed by her as surety and on condition that the same was to be signed by another as principal, and that the note was delivered to the plaintiff upon the oral agreement that the same was not to be a binding obligation unless B. signed same as principal, and, upon the trial of the case, the defendant was permitted to amend the answer so as to allege that this agreement was oral and written, this amendment did not substantially change the defense and was permissible under section 318, Comp. Stat. 1921

2. **Appeal and Error — Objections Below — Sufficiency of Evidence.**

This court will not review the evidence for the purpose of ascertaining whether the verdict is sustained by sufficient evidence where the insufficiency of the evidence is not called to the attention of the trial court by a demurrer to the evidence, motion for directed verdict, or in some other manner.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by the State, on the relation of Roy Walcott, Bank Commissioner, against Mrs. Mary K. Wells. Judgment for defendant, and plaintiff brings error. Affirmed.

Amil H. Japp, for plaintiff in error.

J. F. Thomas and W. J. Townsend, for defendant in error

COCHRAN, J. This action was commenced by the Chattanooga State Bank of Chattanooga, Okla., as plaintiff, against Mrs. Mary Wells, as defendant, to recover on a promissory note. After the suit was brought, the bank became insolvent and the Bank Commissioner was substituted as plaintiff. The case was tried before a jury and resulted in a verdict for the defendant, from which the plaintiff has appealed. The defendant admitted the execution of the note, but alleged that she signed same as surety and that she signed it only on condition that the same was to be signed by John Broshears as principal, and the note was delivered to the plaintiff on that condition. The answer alleged that this agreement was oral. During the trial of the case, the defendant asked permission to amend the answer by alleging that the agreement was oral and written, so as to conform to the proof. This amendment was permitted by the trial court, and the plaintiff alleges that this was error because it changed substantially the defense of the defendant. Section 318, Comp. Stat. 1921, permits the court before or after judgment to permit the amendment of a pleading where the amendment does not change substantially the claim or defense. It is our opinion that the change in the instant case did not substantially change the defendant's defense.

It is next contended that the verdict of the jury is not sustained by sufficient evidence. The insufficiency of the evidence of the defendant was not presented to the trial court by a demurrer to the evidence, a motion for a directed verdict, or in any

other manner, and, in these circumstances, this court will not review the evidence for the purpose of ascertaining whether the verdict is sustained by sufficient evidence.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and NICHOLSON, BRANSON, and MASON, JJ., concur.