## KALLMEYER et al. v. GARLAND.

No. 13916—Opinion Filed Sept. 16, 1924.

1. **Appeal and Error—Objections in Lower Court—Insufficiency of Evidence.**

In the absence of a demurrer to the evidence or a motion for a directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal.

2. **Appeal and Error—Failure to Cite Authorities—Affirmance.**

Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error and that substantial justice has been done, the judgment will be affirmed without discussing the affirmance in detail.

**3. Appeal and Error—Review—Conflicting Evidence—Verdict.**

On appeal the Supreme Court will not consider and weigh conflicting evidence, and where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Thomas W. Garland against Theodore Kallmeyer and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Burns & Turner, for plaintiffs in error.

L. A. Wetzel, for defendant in error.

Opinion by RUTH, C. Plaintiff below, Thomas W. Garland, sued the defendants below, Theodore Kallmeyer and H. A. Davidoff, on open account. The defendants' answer admitted the account, but alleged they were entitled to a certain credit for goods returned to plaintiff, and the cause was tried to a jury and a verdict rendered for plaintiff for the sum claimed. Judgment was entered thereon, and defendants appeal. Defendants did not demur to the evidence or request an instructed verdict, and the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal. Muskogee Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Dodson and Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 491; Van Arsdale and Osborne Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461.

Defendants in their brief do not specify the errors relied on as required by rule 26 of this court, and defendants are not entitled to a reversal, and for failure to comply with the rule under which a cause may be dismissed. McDonald Coal Co. v. Equitable Power Mfg. Co., 38 Okla. 177, 132 Pac. 486; Grubbs v. Needles, 5 I. T. 458, 82 S. W. 873; Barnes v. Benham, 13 Okla. 582, 75 Pac. 1130; Ferguson v. Union National Bank, 23 Okla. 37, 99 Pac. 41; Brunson v. Emerson, 34 Okla. 211, 124 Pac. 979.

In the two and one-half pages of brief of defendants they do not submit one authority, and where no authority is submitted to support the plaintiff in error's contention, the judgment will be affirmed without discussing the affirmance in detail. Carr v. Seigler, 52 Okla. 485, 153 Pac. 141; Chickasha Gas & Electric Co. v. Griffin, 46 Okla. 228, 148 Pac. 729.

Defendants in their brief say the "issues are simple and clear cut; that the instructions fairly presented the law, but that the jury was not composed of men having technical knowledge of bookkeeping, and the verdict is not fairly supported by the preponderance of the evidence."

Defendants neither demurred to the evidence nor asked for an instructed verdict, and therefore the evidence is not before us, and as this is the only point contended for by the defendants, the judgment of the court below should be affirmed.

By the Court: It is so ordered.