**ALLEN et al. v. REDFIELD.**

No. 12870—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Appeal and Error—Questions of Fact—Conclusiveness of Judgment.**

Where a law action has been regularly tried by the court without the intervention of a jury, and there is testimony reasonably tending to sustain the judgment of the trial court, such judgment is conclusive on controverted issues of fact and will not be disturbed in the Supreme Court on appeal.

**2. Same—Judgment Sustained.**

Record in the instant case examined, and held, that the judgment of the trial court is reasonably supported by the evidence in the case.

**3. Frauds, Statute Of—Parol Contract to Sell Land—When Enforced.**

A parol contract for the sale of real estate will be enforced where the vendee has paid the purchase price and taken possession of the premises in good faith, with the knowledge and consent of the owner, and has made permanent improvements thereon.

**4. Same—Judgment Sustained.**

Record examined, and held, that the trial court did not err in refusing the offer of the defendants to make an accounting.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by O. M. Redfield against B. H. Allen and S. M. Dillard, for possession and to quiet title. Judgment for plaintiff, and defendants appeal. Affirmed.

R. L. Disney, for plaintiff in error.

Brown & Williams and Sigler & Jackson, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Carter county, Okla., by O. M. Redfield, defendant in error, plaintiff below, against B. H. Allen and S. M. Dillard, plaintiffs in error, defendants below, for possession and to quiet his title to lot three, block 401A, of the city of Ardmore, Okla.

The parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff claimed title and ownership to said real estate under an oral contract of purchase from the defendants in the year 1910, which contract it was claimed had been entirely executed by payment in full of the purchase money, coupled with entry of possession and making of valuable improvements.

The defendants filed an answer in the nature of a general denial, and the cause proceeded to trial before the court without the intervention of a jury, a jury having been waived by consent of the parties, and resulted in a general finding and judgment

in favor of the plaintiff. Motion for a new trial was filed and overruled and the defendants appealed.

The defendants discuss their assignments of error under three propositions:

(1) That there was an abuse of discretion by the trial court in refusing the offer of the defendants to do equity.

(2) That the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

(3) That the trial court erred in admitting evidence on the part of plaintiff.

The admitted facts as disclosed by the record are that in the year 1909 the defendants borrowed from one D. Redfield the sum of $100 and to secure the same executed a mortgage covering the real estate in controversy, that in the month of December, 1910, thereafter, the plaintiff, who is a son of D. Redfield, purchased the note and mortgage referred to from his father, the note at the time of the purchase being past due.

There is no controversy that when the plaintiff soon after he purchased the note requested payment thereof that the defendants were unable to comply with the request. At this point the plaintiff's testimony is to the effect that he entered into an oral contract with the defendants, whereby in consideration of the release and cancellation of the debt evidenced by said note and mortgage, the defendants transferred the real estate in controversy to the plaintiff, subject to outstanding unpaid taxes in the sum of about $125 which the plaintiff assumed and paid, and that in pursuance of this arrangement the plaintiff entered into immediate possession, expended altogether about $200 in improvements, and continued in possession thereof, collecting the rents and exercising ownership and dominion over the property, until about the year 1918, when the defendants wrongfully entered and took possession thereof.

The testimony on the part of the defendants was to the effect that they delivered possession of the property to the plaintiff under an oral agreement whereby plaintiff should hold the property in his possession only long enough to enable him to collect enough rents out of the property to repay the plaintiff the amount of the note and mortgage, plus the outstanding taxes then due and unpaid, at which time he agreed to redeliver the property to the defendant.

The record shows that at the conclusion of the testimony of the defendant Dillard the defendants offered to account for the rents and agreed that these rents might be applied upon the original note, together with the value of improvements placed upon the property by the plaintiff, and all taxes. This offer was refused by the court and the refusal is assigned as error.

We are unable to agree with this contention. The offer to do equity incorrectly assumes that the basis of plaintiff's action was the enforcement of an indebtedness secured by a real estate mortgage. This, however, is not the case. Plaintiff's action was an action for possession of property in controversy, based upon an unqualified ownership thereof in fee simple, and in this situation plaintiff's rights could not be effected by equitable defenses that might have been interposed had the action of the plaintiff been for the enforcement of the real estate mortgage.

It is next contended that the judgment of the trial court was not sustained by sufficient evidence, and is contrary to law, and in this connection the defendants present an argument upon the facts designed to show that the court incorrectly weighed the evidence in arriving at the conclusion that the verbal contract entered into in 1910 contemplated the unconditional transfer in fee simple of the property involved. This case, however, was a law action tried to the court without the intervention of a jury, and findings and conclusions of the trial court will be given the same effect in this court upon controverted issues as the verdict of a jury, and if there is testimony reasonably tending to sustain the judgment of the court, such judgment will not be disturbed on appeal.

The finding and judgment of the trial court upon this phase of the case in supported not only by the express testimony of the plaintiff, but also by many cogent circumstances, explainable only upon the theory that there had been an absolute transfer of the ownership of the property involved to the plaintiff.

It is true that subsequent to the date of the oral agreement plaintiff placed the mortgage on record. But this fact can have little weight in view of the further fact that the plaintiff by omitting to institute foreclosure proceedings until the running of the statute of limitation placed in the hands of the defendants a defensive weapon against the enforcement of the mortgage lien and delivered and paid to the defendants the consideration for the property as effectually as if he had delivered the physical possession of the note and mortgage to

them in the beginning. Nor can the effort of the plaintiff to secure from the defendants a quitclaim deed be regarded as conduct inconsistent with the theory that there had been a wholly executed oral contract by which the title to the property was conveyed. This conduct on the part of the plaintiff was no doubt inspired by an abundance of precaution to secure the peace and quiet of his title, and in view of the fact that negotiations are shown to have been taken in an effort to secure a quitclaim deed, cannot be regarded as binding upon the plaintiff by estoppel or otherwise.

The judgment of the trial court involved the finding that the verbal contract of the sale of real estate involved was accompanied by payment of the consideration, the taking of immediate possession of the property in pursuance of the contract, and the making of lasting and valuable improvements thereon. These findings in our judgment were reasonably supported by the evidence in the case. The contract was, therefore, an entirely executed oral contract, and in these circumstances the statute of frauds has no application. See Levy v. Yarbrough et al., 41 Okla. 16, 136 Pac. 1120; Adams v. White, 40 Okla. 535, 139 Pac. 514; Bowker v. Linton, 69 Okla. 280, 172 Pac. 442; McNeill v. Jones, 21 Ark. 277; and Collins v. Lackey et al., 31 Okla. 776, 123 Pac. 1118.

To the argument that the trial court by its judgment in effect abolished the equity of redemption held by the defendants under the original mortgage, it may be replied that the trial court merely dealt with the parties as it found them, and that the parties themselves by their own executed oral contract had themselves eliminated from consideration the right of redemption secured to the defendants under the mortgage.

It is finally insisted that the admission in evidence of the tax deed was error in that the tax deed was void upon its face.

In view of the conclusion heretofore reached that the judgment of the trial court was amply supported by evidence of an entirely executed oral contract of sale of the real estate involved, the admission in evidence of the tax deed, irrespective of whether or not it is void upon its face, cannot be regarded as prejudicial error sufficient to justify a reversal.

Upon a survey of the entire record, we are of the opinion that the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.