## TAGUE v. WILLIS et al.

No. 13941—Opinion Filed Nov. 12, 1924.

### Appeal and Error—Sufficiency of Evidence— Conclusiveness of General Finding in Lien Foreclosure.

Where the trial court makes a general finding for, and renders judgment in favor of a party to a lien foreclosure case, such general finding is, in effect, a finding of fact in favor of said party upon every proposition necessary to sustain the judgment; and such finding and judgment will not be disturbed on appeal because of insufficiency of the evidence unless it is made to appear that the general finding and judgment are against the clear weight of the evidence.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Charles L. Tague against Roy W. Willis and Willis Oil & Gas Corporation, a corporation. Judgment for defendants. Plaintiff appeals. Affirmed.

Hagan & Gavin, for plaintiff in error.

J. M. Grubbs, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff in the trial court, and the defendants in error were the defendants. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The plaintiff, by his petition, sought to recover against defendants upon two causes of action. In the first cause of action he seeks to recover the sum of $10,302.50 alleged to be due upon an oral contract to furnish drilling tools and drill an oil and gas well. The contract is alleged to have been made with the defendant Willis Oil & Gas Corporation, to drill a well on certain land described in the pleadings; and the plaintiff seeks foreclosure of a lien upon the leasehold for the services alleged to have been rendered. In the second cause of action, plaintiff seeks to recover damages in the sum of $7,785 because of the defendant's breach of the contract made with the plaintiff to furnish the tools and drill the well. A copy of the lien claim was attached to the petition and made a part of

it. The total amount of recovery sought is $18,087.50, and $1,030.25 attorneys fees.

The defendant Roy W. Willis filed a separate answer, in which it is alleged that the contract to drill the well was between himself and the defendant Willis Oil & Gas Corporation; and that he, in turn, contracted with the plaintiff to furnish the tools, and this answering defendant pay the expenses, and he and the plaintiff to share and share alike in profits made in drilling the well; and that he had made full settlement with the plaintiff for his half of the profits, and that neither himself nor the other defendant are in any manner indebted to the plaintiff; and attaches itemized statement showing full settlement. He also filed a cross-action against plaintiff for half of certain expenses he had incurred and which had not been settled, amounting to $926.91, for which he prays judgment.

The defendant Willis Oil & Gas Corporation filed a separate answer in which it denies that there was any contractual relation existing between itself and the plaintiff about drilling the well referred to in the petition. That if the plaintiff was operating under a contract in the drilling of the well referred to, such contract must have been made with its codefendant Roy W. Willis. This defendant denies the plaintiff's right to recover either a money judgment against it, or a judgment foreclosing a lien upon the leasehold in question. By way of cross-petition this answering defendant seeks to recover $15,000 alleged damages against the plaintiff, accruing to their lease because of improperly filing a lien claim against their lease when no right to a lien existed in the plaintiff.

The plaintiff filed replies and answers to the answers and cross-petitions of the defendants.

The case was regularly called for trial on the 5th of May, 1922, a jury trial was waived, and the cause was submitted to the court without a jury. At the close of the trial the court found the issues in favor of the defendants upon the petition of the plaintiff and the answers thereto; and found the issues in favor of the plaintiff upon the issues made upon the separate cross-petitions of the defendants and the plaintiff's answers thereto; and found the issues generally in defendant's favor and denied the right of plaintiff to recover against either defendant, and cancelled the lien claim.

The plaintiff prosecutes appeal and presents assignments of error that the judgment in favor of the defendants and against the plaintiff is contrary to the law and not supported by the evidence.

It seems that an order was made here dismissing this appeal for failure to file brief by plaintiff. The cause was afterwards reinstated and plaintiff allowed to file briefs. The defendants now move to vacate the order reinstating the appeal. The briefs of both parties are on file upon the merits of the controversy, and we will not consider the motion to vacate the former order reinstating the cause, but will examine the appeal upon its merits.

The plaintiff, in effect, concedes that the judgment appealed from was a finding in favor of the defendants and against the plaintiff, first, that the plaintiff's contract was made with the defendant Roy W. Willis, and that there was no contractual relation between the Willis Oil & Gas Corporation and the plaintiff other than that the plaintiff was a subcontractor; second, that neither of the defendants were in any manner indebted to the plaintiff. The plaintiff, in effect, also concedes that the conclusions reached by the trial judge upon both propositions are supported by the weight of the evidence. He insists, however, that the usual and general rule, that where the judgment is supported by the weight of the evidence the judgment will not be disturbed on appeal because of insufficiency of the evidence, should not be applied in this case, and presents this contention with great earnestness.

We have carefully scrutinized the evidence adduced at the trial as to whom the plaintiff's contract was made with, and as to the amount of money, if any, due the plaintiff for the services rendered in drilling the well. Plaintiff's evidence tends to show that he made his oral contract with Roy W. Willis, but at the time of making the contract plaintiff understood that Willis was acting as the representative agent and general manager of the Willis Oil & Gas Corporation. All of his dealings in the matter seem to have been had with Mr. Willis. The evidence on the part of Willis and the company tends to show that the company had entered into a written contract with Willis prior to the time plaintiff claims his oral contract was made with Willis to render the same, or substantially the same services, and the positive testimony of Mr. Willis is that he, personally, contracted with the plaintiff, and plaintiff well knew it. The testimony is well nigh overwhelming that plaintiff's contract was made with Willis personally. If it was so made, then the

testimony seems to be overwhelming that the plaintiff had been paid all that was coming to him. We have very carefully read and considered the plaintiff's own testimony, and we find it very difficult, even impossible, to arrive at an approximation as to what he claimed to be due him. The brief writers must have found the same difficulty in examining the record, for they nowhere tell us what is owing by either defendant to the plaintiff; nor do they say, or even suggest, how we might arrive at what is owing to their client from either defendant, if anything. The plaintiff admits the correctness of Willis' statement of account as to expense money he had paid out. Willis' statement of account shows the amount earned was $13,702.50. The only attack made upon the statement is that it should have been "$16,000' instead of "$13,000," and he furnished no further explanation about the matter in that connection. It seems that when a party to a suit is unable, himself, to testify as to what is due him, or give a statement of account showing it. and his attorneys, who have tried the case or have studied the record, are unable to say what is due or state an account which would indicate the amount claimed, the court would have a difficult proposition to solve in undertaking to arrive at the amount due. It seems to us from a careful examination of the record and the briefs presented that there is no good reason here why we should deviate from the long and well established rule that unless it is made to appear that the judgment is against the clear weight of the evidence it should not be disturbed on appeal because of insufficiency of the evidence.

We have carefully examined the record and are unable to see how the judgment could have been other than it was and be reasonably supported by the record. in so far as the contentions of the plaintiff are concerned, based upon his petition. There is no cross-appeal by the defendants. We do not find that plaintiff was denied any substantial right upon the trial. No error appears authorizing or requiring a reversal of the judgment.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.