## WILLIAMSON v. ALLEN.

No. 14872—Opinion Filed Nov. 18, 1924.

Rehearing Denied Dec. 30, 1924.

**1. Use and Occupation—Liability for Rent.**

An occupant of land, without special contract, shall be liable for the rent to any person entitled thereto.

**2. Appeal and Error — Questions of Fact— Findings.**

Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by H. J. Allen against J. S. Williamson. From judgment in favor of the plaintiff, defendant brings error. Affirmed.

D. F. Spradling, for plaintiff in error.

H. A. Stanley, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for the recovery of a money judgment in the sum of $510.

Plaintiff's petition alleged, in substance, that on the 16th day of November, 1920, Elizabeth Taylor, being the owner, entered into a rental contract with plaintiff for the year 1921, for certain lands described in the petition; that plaintiff is the owner of the leasehold estate upon said lands and entitled to the rents and profits arising therefrom; that the reasonable rental value of said lands for the year 1921 is $110. That on December 6, 1920, Stanley Taylor, being the owner, entered into a rental contract with the plaintiff for the year 1921 upon certain lands described therein; that plaintiff is now the owner of the leasehold estate upon said lands and entitled to the rents and profits arising therefrom; that the reasonable rental value of said lands for the year 1921 is $200. That on November 27, 1920, Louisa Day, nee Taylor, and J. A. Day, being the owners, entered into a contract with plaintiff for

the year 1921 upon certain described lands; that plaintiff is the owner of the leasehold estate upon said lands and entitled to the rents and profits arising therefrom; that the reasonable rental value of said lands for the year 1921 is $200.

Copies of said contracts were attached to plaintiff's petition and made a part thereof.

The petition further alleged that the defendants, J. S. Williamson and Geo. A. Williamson, have occupied and used all the lands described in the petition since January 1, 1921, without any contract with plaintiff, and over his protest and demand that they surrender possession to plaintiff; that by reason thereof they have become liable to plaintiff for the reasonable rental value of said lands for the year 1921 in the sum of $510.

For his separate answer the defendant, J. S. Williamson, denied generally all the material allegations in each and all of the paragraphs of the petition, and as a further defense for himself alleged that on December 6, 1920, the said Stanley Taylor, being the owner, entered into a rental contract with this defendant for the year 1921 in certain lands therein described for the term of 12 months ending on the 1st day of December, 1921.

The case as against Geo. A. Williamson was dismissed.

The cause came on for hearing before the court without the intervention of a jury by agreement of counsel, and at the close of the trial the court found that the plaintiff should prevail in part and the defendant in part; that the plaintiff should have and recover from the defendant the sum of $110 for his use and occupation of the lands leased by the plaintiff from Elizabeth Taylor for the year 1921 as described in his petition, and that plaintiff should have and recover from defendant the sum of $40 for the use and occupation of 40 acres of lands leased by plaintiff from Louisa Taylor for the year 1921; but that plaintiff should not receive anything from the defendant for the use and occupation of lands leased by him from Stanley Taylor for the year 1921.

Judgment was rendered in accordance with these findings of the court against the defendant, J. S. Williamson, in the sum of $150 and the costs of the action.

Motion for a new trial was overruled and the cause comes regularly on appeal of the defendant, J. S. Williamson, to this court.

For reversal of the judgment the plaintiff in error submits the proposition that the evidence is not sufficient to support the trial court's findings and judgment against the defendant.

An examination of the record before us discloses that no demurrer was offered to plaintiff's testimony upon the trial of the case below, nor was the sufficiency of the evidence challenged in any manner at any time.

It is insisted by the defendant in error that in view of these facts the insufficiency of the evidence cannot be raised for the first time upon appeal. It is the settled rule of this court that where the plaintiff submits his case to the jury and the defendant neither demurs to the evidence nor asks an instructed verdict nor otherwise legally attacks the sufficiency of the evidence, the question whether there is any evidence reasonably tending to support plaintiff's case is not presented for review by defendant's motion for a new trial. Constantine Ref. Co. v. Thwing Instrument Co., 72 Okla. 16, 179 Pac. 111; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

Where a case is tried to the court without the intervention of a jury, as was the instant case, upon controverted questions of fact, it has the same force as though tried to a jury, and if the evidence reasonably tends to support the findings of the court the same is conclusive upon the Supreme Court upon appeal. Bretch Bros. v. Winston & Sons, 28 Okla. 626, 115 Pac. 795; Interstate Bldg. & Loan Co. v. Oklahoma City, 84 Okla. 227, 203 Pac. 172; Nunley v. Loftis, 100 Okla. 46, 220 Pac. 841.

However, we think from an examination of the record that the judgment of the trial court is sufficiently sustained by the evidence.

The action was for use and occupation of lands brought, evidently, under section 7359, Comp. Stat. 1921, which provides:

"The occupant of any land without special contract shall be liable for the rent to any person entitled thereto."

This statute does not require nor contemplate that demand for possession be made before liability attaches.

It appears that the lands which the plaintiff had leased for the year 1921 from their owners was within the inclosure of defendant, who owned in fee and held under leases, a large body of land; that for the year 1920 the defendant had all the lands involved in this action leased from the owners and had paid the rentals thereon for the year 1920, but he declined to renew his leases on the tracts involved for the year 1921.

It also appears that the defendant, subsequent to the time that plaintiff leased the said lands, procured a lease of the tract owned by Stanley Taylor. The court, however, found in the defendant's favor as to the Stanley Taylor tract of land.

As to the two tracts, designated as the Louisa Day and Elizabeth Taylor tracts, for the use and occupation of which by the defendant during the year 1921 the trial court found the defendant liable, it is suggested by counsel for defendant that the defendant did not need either tract and made no effort to lease them from the Indian owners in the fall of 1920, when he did lease the Stanley Taylor tract. It is not, however, disputed that the plaintiff leased these tracts for the year 1921, and that defendant grazed about 100 head of his cattle thereon during that year.

Upon the whole record we conclude the judgment of the trial court is correct; that the defendant's motion for a new trial was properly overruled; and that the judgment should be affirmed.

By the Court: It is so ordered.