## BEAM v. FARMERS & MERCHANTS BANK.

No. 14897—Opinion Filed Nov. 18, 1924.

1. **Appeal and Error—Necessity for Objections Below—Pleadings and Evidence.**

Where the complaining party contends that the pleadings and evidence sustain a proposition of law contrary to the judgment rendered, and the record discloses that the proposition contended for was not raised by demurrer to or motion for judgment on the pleadings or demurrer to or motion for judgment on the evidence, objections to the sufficiency of the pleadings and of the evidence to sustain the judgment are waived and not subject to review by this court.

2. **Same—Review on Assignment that Judgment is Contrary to Law.**

An assignment of error that the judgment is contrary to the law is subject to review on appeal within certain limits: We may examine the pleadings and findings of the court to determine whether or not a proper judgment was rendered; that is, whether or not the judgment is within the issues of the pleadings and in accord with the findings of the court, and if so, the judgment is not contrary to the law.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Farmers & Merchants Bank against J. P. Beam to recover on a promissory note. Judgment for plaintiff, and defendant brings error. Affirmed.

C. B. Leedy and T. R. Blaine, for plaintiff in error.

Harry C. Brownlee, for defendant in error.

Opinion by THREADGILL, C. The plaintiff, defendant in error, brought the action against the defendant, plaintiff in error, to recover on a promissory note. The note was made and executed on February 28, 1920, for the sum of $400, payable May 28, 1920, with 10 per cent. interest per annum from maturity, by S. H. Richard and Sarah Richard, as principals, and J. P. Beam, the defendant, as surety. The note was not paid at maturity, and on May 23, 1921, Richard and his wife, being indebted to the bank on another note in the sum of $185, executed a new note for $585, merging the the indebtedness of the two notes into the new note, payable November 23, 1921, and giving mortgage on 320 acres of land to secure the same. The defendant did not sign this note. The bank kept both notes that were merged into the new note, claiming them as collateral to the new note. The indebtedness was not paid, and on March 22, 1922, this action was brought against the defendant on the $400 note. The pleadings were made by the petition, answer, and reply. The petition pleaded the note, failure to pay, attached copy, and asked for judgment. The answer admitted the execution of the note, and pleaded avoidance by reason of the new note and mortgage. The reply pleaded that the new note was obtained at the request of the defendant, and upon his promise to sign the same, which promise he failed to keep, and the bank retained the old note as collateral by the consent of the defendant. The issues were tried to the court without a jury, and the court gave judgment in favor of plaintiff, and the defendant appealed urging that the judgment is contrary to the evidence and contrary to the law.

An examination of the record discloses that the defendant made no objection to the petition or reply of plaintiff by demurrer or motion for judgment on the pleadings, and made no objection to the evidence offered by plaintiff by demurrer or motion for judgment on the evidence, and, this being the state of the record before us, plaintiff contends that objections to the judgment for defects in the pleadings and insufficiency of the evidence are waived and cannot be urged in motion for new trial or for petition in error on appeal.

Defendant contends that the new note and mortgage made by the principals, Richard and wife, and held as assets of the bank, released the surety on the old note whether the bank surrendered it or not.

This was the question of law involved in the pleadings and the evidence. If defendant's proposition of law is correct it could have been presented and passed on by the court by proper objection to the pleadings, and since the question was not raised by objection to the pleadings, any defects in the pleadings as to their sufficiency to sustain the judgment were waived and not subject to review on appeal. Menton v. Shuttee, 11 Okla. 381, 67 Pac. 478; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; O'Neil v. James, 40 Okla. 661, 140 Pac. 141.

Plaintiff contends that defendant is not in a position to urge his proposition of law against the judgment on the ground of insufficiency of the evidence to support the judgment for the reason that the sufficiency of the evidence was not challenged in the trial court. The record discloses that defendant did not demur to the evidence submitted by plaintiff and did not, in any manner, question its sufficiency, and, in case of this sort, this court has laid down the following rule:

"Whether or not there is sufficient evidence to go to the jury in a law case is a question of law and that question must be presented: (1) to the trial court by a demurrer to the evidence or motion to direct a verdict, a ruling made, and an exception saved; (2) the alleged error in sustaining or overruling the demurrer to the evidence or motion to direct a verdict must be preserved by a motion for a new trial, a ruling thereon by the trial court, and exceptions saved. Then this court on appeal will review the alleged error of law committed by the trial court in sustaining or overruling such demurrer or motion to direct a verdict; otherwise the sufficiency of the evidence to support the verdict cannot be inquired into by this court." McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Myers v. Hubbard et al., 80 Okla. 97, 194 Pac. 433; Worrell v. Allen, 93 Okla. 3, 219 Pac. 367; James v. White, 96 Okla. 289, 222 Pac. 506; Squires v. Wesco Supply Co., 93 Okla. 138, 219 Pac. 895; Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094.

Where the cause is tried to the court without a jury the same rule is applicable. Bounds v. Gooch, 92 Okla. 260, 219 Pac. 105.

We must, therefore, hold that the plaintiff's contention is correct, and the defendant's proposition cannot be urged in this court on the ground of insufficiency of evidence to sustain the judgment.

Defendant's second assignment of error, that the judgment is contrary to the law, may be considered within certain limits:

We may examine the pleadings and findings of the court to determine whether or not the judgment is within the issues of the pleadings and in accord 'with the findings of the court. Mooney v. First National Bank, 48 Okla. 676, 149 Pac. 1173; Moore et al. v. Hass et al., 53 Okla. 817, 158 Pac. 584; First National Bank v. Griffin et al., 31 Okla. 382, 120 Pac. 595.

We have examined the record and find that the judgment of the court was within the issues of the pleadings, and in accord with the findings of the court based upon the evidence, and the evidence to sustain it being unquestionable as a matter of law, the judgment is correct, and the appeal is without merit.

We, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.