Note.—See under (1) 32 Cyc. p. 493: 40 Cyc. p. 102 (2) 32 Cyc. p. 495.

## WATSON et al. v. PHILLIPS.

No. 16204—Opinion Filed Jan. 19, 1926.

### Appeal and Error—Conflicting Evidence—Conclusiveness of Judgment.

It is a well-established rule in this jurisdiction that where the only error assigned on appeal in a law case tried to the court is that the evidence was insufficient to support the judgment, the Supreme Court will not weigh the conflicting evidence, but if it is found there was any evidence reasonably tending to support the judgment, such judgment is conclusive of the controverted issues of fact and will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Lee Phillips against Thomas Watson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. I. Saddler, for plaintiffs in error.

West & Petry, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appear in the trial court. Lee Phillips brought his action against Thomas Watson, Henry Watson, Harriet Watson, and H. E. Hanna, as defendants, to foreclose a mechanics' lien on lot 4, block 2, Gurley Hill addition to the city of Tulsa. Petition alleges that Thomas Watson represented himself to be the owner of the lot mentioned, and plaintiff and Thomas Watson entered into an oral contract, whereby plaintiff was to furnish labor and material and construct a frame building on the lot, for the sum of $600, Thomas Watson to do one-third of the work thereon; that afterwards the plans were changed and the contract modified to the extent that Thomas Watson was not to perform any labor, and plaintiff was to receive $727 for the work; that he was paid $367, leaving a balance due of $360. The contract was entered into on January 28, 1922, and about April 1, 1922, plaintiff learned Thomas Watson had, on October 14, 1921, conveyed the lot to his father, Henry Watson; and further alleges Henry Watson at all times knew of the contract and of the erection of the building. Plaintiff alleges he regularly filed his lien, and prays foreclosure of the same. H. E. Hanna was not served with process nor made any appearance in the case. The Watsons filed a general demurrer which was by the court

overruled, and exceptions allowed defendants.

Thomas Watson filed his separate answer, in which he admits entering into a contract with plaintiff to perform the labor on the building, but further alleges that on Marcn 29, 1922, he had an accounting with plaintiff and found there was due plaintiff the sum of $70, which has been fully paid. Henry Watson and Harriet Watson filed answers consisting of a general denial. A jury being specifically waived, the cause was tried to the court, and judgment was rendered against Thomas Watson in the sum of $360, with interest from April 5, 1922, aggregating $420.30, with interest from December 20, 1924, until paid, and for $50 attorneys' fees, and decreeing foreclosure on the lot hereinbefore mentioned, and the improvements thereon erected. No judgment was prayed against Harriet Watson, and judgment was not rendered against her. From the judgment rendered, Thomas Watson and Henry Watson appealed and bring this case here for review upon petition in error and case-made.

Although defendants set forth ten assignments of error, they state that the only questions involved are:

"(1) Whether there was a contract as contended for by plaintiff below or if there was a contract, was there such a contract as contended by defendants below. (2) If such a contract existed as contended for by either, has it been paid or is there a valid and subsisting judgment against all of the defendants against whom the judgment has been lodged."

These assignments of error go only to the sufficiency of the evidence, and defendant contends:

"That the evidence was insufficient and the court erred in overruling plaintiffs in error's demurrer to the evidence."

If the defendants ever demurred to plaintiff's evidence, or moved for judgment at the conclusion of all the evidence, the same does not appear in the record, and cannot be considered by this court. State ex rel. Walcott v. Wells, 96 Okla. 69, 220 Pac. 341; Squires v. Wesco Supply Co., 93 Okla. 138, 219 Pac. 895; Penoke Oil Co. v. Roxana Petroleum Co., 289 Fed. 416; Newton v. Okmulgee Wholesale Gro. Co., 88 Okla. 184, 211 Pac. 423; Beam v. Farmers & Merchants Bank, 104 Okla. 158, 230 Pac. 881; Oklahoma Union Ry. Co. v. Mitchell, 105 Okla. 152, 231 Pac. 1062; Pittsburg Co. Ry. Co. v. Hasty, 106 Okla. 65, 233 Pac. 218; Kallmeyer v. Garland, 100 Okla. 245, 229 Pac. 166.

The defendants admitted a contract was made with the plaintiff, but did not admit the terms thereof as alleged by plaintiff, and pleaded that payment in full had been made.

"Payment is a matter of defense and must be pleaded and proven by him who claims it." Ince Nursery Co. v. Sams, 73 Okla. 138, 177 Pac. 370.

The questions before the trial court for determination were: The terms of the oral contract and whether or not payment had been made according to the terms of the contract as found by the court. The cause was tried to the court, and upon consideration of all the evidence, the court found the issues in favor of the plaintiff, and rendered judgment for $360, balance due on the contract, and for foreclosure.

"It is a well-established rule in this jurisdiction, that where the only error assigned on appeal in a law case tried to the court, is that the evidence was insufficient to support the judgment, the Supreme Court will not weigh the conflicting evidence, but if it is found there was any competent evidence reasonably tending to support the judgment, it will be affirmed." Loomer v. Walker, 59 Okla. 44, 157 Pac. 1055.

"Such judgment is conclusive of the controverted issues of fact and will not be disturbed on appeal." Allen v. Redfield, 104 Okla. 88, 230 Pac. 694; Williamson v. Allen, 105 Okla. 198, 232 Pac. 98; Harrison v. Cummings, 107 Okla. 98, 230 Pac. 702; Gibson v. Int. Harvester Co., 105 Okla. 253, 232 Pac. 80; Tague v. Willis, 104 Okla. 101, 230 Pac. 698.

The evidence in this case disclosed that just prior to making the contract with plaintiff, Thomas Watson conveyed lot 4, block 2, to his father, Henry Watson, but the evidence further discloses that Henry Watson had full knowledge of the contract and the construction of the building, and executed a mortgage thereon at the request of Thomas Watson in favor of a lumber company furnishing material therefor, and under all the evidence, the judgment of foreclosure of the plaintiff's lien was amply sustained.

The court having found for the plaintiff, and there being competent evidence reasonably tending to sustain the finding, the judgment of the trial court is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 884 § 2855; 2 R. C. L. p. 104; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.