## MORLEY v. WICKETT et al.

No. 22608.   Oct. 16, 1934.

I. H. Cox, for plaintiff in error.

Everett Petry, for defendants in error.

PER CURIAM. This case presents error from the district court of Tulsa county and seeks to review a judgment of that court holding that certain properties therein described were fixtures and constituted a part of the real estate involved in this action.

The suit was filed on April 21, 1930, by K. L. Wickett, hereinafter referred to as plaintiff, against J. G. Kimball, Elizabeth Kimball, Gertrude Pohlman, and H. O. Pohlman, hereinafter referred to as defendants, for the purpose of foreclosing a certain real estate mortgage to secure a note in the sum of $8,310 given by the defendants J. G. Kimball and Elizabeth Kimball to the Freeman-Springer Construction Company, a corporation, and assigned in due course to the plaintiff.

It appears that said note and mortgage were given as a part of the purchase price of an apartment building and contents, including the property involved in this appeal, which had been erected and equipped by said construction company. Said mortgage was subordinate to a prior mortgage in favor of the Oklahoma City Building & Loan Association to secure the sum of $30,000.

On August 23, 1930, the defendants being in default, judgment was rendered for the plaintiff as prayed for. However, the defendants Gertrude Pohlman and H. O. Pohlman were represented by counsel at the time, who stated that said defendants had no defense to plaintiff's action, but desired ten days' additional time to plead their title to the property; which request was granted by the court, and the journal entry of judgment contains the following provision:

"The question of the rights of the defendants as between themselves as to the equity of redemption in said property is reserved for further consideration of the court."

On September 5th following, the defendants Gertrude Pohlman and H. O. Pohlman filed their answer in the case, asserting ownership to the property under a warranty

deed from the defendants J. G. Kimball and Elizabeth Kimball, bearing date of April 15, 1930, a copy of which was attached to said answer. The defendants J. G. Kimball and Elizabeth Kimball did not answer. A receiver was appointed on September 4, 1930, and it appears that he took immediate charge of all the property involved in the action, including that in controversy here, and operated said apartment building under the order of the court.

On December 18, 1930, the plaintiff in error, Ralsa F. Morley, who appears to have been attorney for the Pohlmans, filed a motion in the case, setting up that he was the holder of a valid chattel mortgage given to him by the Pohlmans on June 1, 1930, covering the following described property, which is in controversy here, to wit: 12 roller beds; 12 cook stoves; 24 gas radiators; 12 Kelvinators; 12 heating stoves; 1 Kelvinator motor; awnings.

It was alleged by the plaintiff in error that said described property was located in the apartment building covered by plaintiff's mortgage, and that the same was in the possession of the receiver; and the plaintiff in error requested an order of the court directing the delivery of said described property to him. Said motion appears to have been treated as a plea of intervention for the possession of said described property; and we shall hereafter refer to the plaintiff in error as intervener.

Issue was joined by the filing of responses to said motion by the plaintiff and the receiver, wherein they alleged that said property was so attached to the building as to constitute fixtures and a part of the realty; and, therefore, covered by plaintiff's mortgage. A trial of these issues by the court without a jury resulted in a judgment for the plaintiff. From that judgment the intervener has appealed to this court.

We are met at the outset with the suggestion that we should dismiss this appeal for various assigned reasons, only one of which we deem necessary to consider, as follows:

"The appeal should be dismissed for the reason that the only question presented and argued in appellant's brief is not assigned as error."

This being a law action, it is governed by the rules of law applicable to appeals in such cases.

The intervener does not separately discuss his several assignments of error, but evidently relies upon his assignments numbered 4, 5, 6, 7, 8, 9, and 10; which are to the effect that the court erred in finding and holding that the property therein referred to was a part of the realty, and that the court erred in refusing to render judgment for the intervener for the possession thereof. His fourth assignment of error is as follows:

"The court erred in finding and holding that the twelve roller beds claimed by the plaintiff in error were fixtures and a part of the real estate involved in said suit and were not personal property and subject to the lien of the chattel mortgage of the plaintiff in error and in refusing to render judgment for plaintiff in error for the possession thereof."

The fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are identical with the fourth except that they relate to the other items of property.

It is apparent that these assignments require a review of the evidence, but by reference to the record we find that the intervener did not at the trial of the case in any manner challenge the sufficiency of the evidence to support the judgment complained of. He did not demur to the evidence nor move for judgment in his favor. The intervener is, therefore, in no position to complain of any alleged insufficiency of evidence to support the judgment.

In Squires v. Wesco Supply Co., 93 Okla. 138, 219 P. 895, this court lays down the following rule:

"Where an action at law is tried to the court and no demurrer to the evidence of plaintiff is interposed, or motion for judgment on all the evidence filed, this court is not required to examine the record for the purpose of determining the weight and sufficiency of the evidence."

See, also, Watson et al. v. Phillips, 116 Okla. 79, 243 P. 149.

Furthermore, there is no assignment in the petition in error filed in this court which challenges the sufficiency of the evidence to support the judgment complained of. In Cook v. Speak et al., 104 Okla. 5, 229 P. 1083, this court said:

"Errors not complained of by petition in error will not be considered by this court on appeal."

This rule is followed in Sullivan v. Sykes, 114 Okla. 87, 243 P. 722.

For the reasons above stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Stephen A. George, Rutherford Brett, and J. E. Williams in the prepara-

tion of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. George and approved by Mr. Brett and Mr. Williams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.